```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSE CASTRO,                                          :

                       Plaintiff,     :

        -against-                     :       REPORT AND RECOMMENDATION

FJC SECURITY SERVICES, INC,           :              12 Civ. 8877 (PAC) (KNF)

                       Defendant.     :
------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On December 5, 2012, the plaintiff pro se commenced this employment discrimination action. The Court directed the plaintiff to file proof of service of the summons and complaint by May 1, 2013. On April 29, 2013, the plaintiff filed an amended complaint, including an affirmation of service reflecting simultaneous service, on April 29, 2013, of both his original and amended complaints. On January 8, 2014, the Court directed the plaintiff to review Rule 55 of the Federal Rules of Civil Procedure and proceed accordingly. On January 9, 2014, a notice of appearance was filed by the defendant's attorney, and the defendant sent a letter to the assigned district judge. In that letter, the defendant stated that it "became aware of [the Court's] Report and Recommendation (dated: January 8, 2014) yesterday" and requested that "the Court vacate any technical defaults, grant Defendant leave to enter an appearance, *nun pro tunc*, to give Defendant an opportunity to investigate Plaintiff's varied and vague allegations so that it may respond to Plaintiff's Amended Complaint within forty-five (45) days." The defendant also stated, inter alia, that "there is no record evidence that Defendant was properly served," because the plaintiff's "Affirmation does not comport with New York State law for service of a summons and complaint and proof of service on a New York domestic corporation."

On January 14, 2014, the Clerk of Court entered a default against the defendant for failure to answer or otherwise move with respect to the complaint. On the same date, the defendant sent a letter to the assigned district judge, asking for a pre-motion conference "in anticipation of a Motion to Dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5)." Subsequently, the assigned district judge stated that the Court "did not issue a report and recommendation," and "[t]o the extent there is a valid Rule 72 objection, it is overruled and the parties are directed to proceed with this matter before the Magistrate Judge."

On January 17, 2014, the Court directed the defendant to show cause, by competent evidence, why the entry of its default should be set aside, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Before the Court is the defendant's motion, made pursuant to "Rule[s] 55(c) and 60(b)" of the Federal Rules of Civil Procedure, "for an Order vacating the Default (entered January 14, 2014) (Dkt. # 22) and any Default Judgment." The plaintiff opposes the motion.

**DEFENDANT'S CONTENTIONS**

The defendant contends that its default should be set aside because: (1) it has not been served properly with the summons, complaint and amended complaint; and (2) good cause exists to do so. The defendant asserts that service was improper since "[s]ervice of process on a corporate defendant by certified mail is insufficient under Fed. R. Civ. P. 4(h)(1)," and, "[i]n the absence of proper service, the Court does not obtain personal jurisdiction over the corporate defendant." According to the defendant, "[i]t does not make a difference whether the corporate defendant was aware of the action; service by certified mail, return receipt requested is not a recognized method of proper service under Fed. R. Civ. P. 4(h)(1)."

The defendant contends that the default should be set aside because the defendant's default was not willful or in bad faith, since, "[b]efore default was entered and after the Court's January 8, 2014 Order was entered, Defendant, by its counsel, immediately responded the following day seeking leave to respond and preserving its objections (Dkt. # 16)." Moreover, the "January 9, 2014 letter was followed up with the January 14, 2013 letter (Dk. # 23)," and that "is not the type of conduct that the courts consider willfulness or bad faith." The defendant contends that it has a meritorious defense, which is that the plaintiff's: (i) allegations "in a prior SDHR [State Division of Human Rights] Complaint" are barred because he failed to sue within 90 days of the date of receipt of the right to sue letter issued by the United States Equal Employment Opportunity Commission ("EEOC"), on July 12, 2012; (ii) race discrimination claims are barred because he failed to file administrative charges prior to filing this action; (iii) race discrimination allegations fail to state a claim upon which relief may be granted, given that the plaintiff only alleged two incidents of rudeness without even mentioning race; (iv) defamation claim must fail because the plaintiff does not allege that the utterance of which he complained was false; and (v) remaining allegations are baseless. Furthermore, setting aside the default will not prejudice the plaintiff.

In support of its motion, the defendant submitted certain declarations, including that by Mark Coffino ("Coffino"), an officer of the defendant, who stated that the office to which the plaintiff mailed the complaint and amended complaint "is not a corporate office," but one of many locations that the defendant maintains, and it is used exclusively to dispatch and assign work to security guards the defendant employs. Coffino asserted that: (a) he does "not know on whom the Amended Complaint and Complaint was [sic] allegedly served"; (b) "there is no record as to who was allegedly served with the Amended Complaint and Complaint"; and (c) to his knowledge, no person with authority to accept service was served with the amended complaint or complaint.

3

**PLAINTIFF'S CONTENTIONS**

The plaintiff contends that due to his pro se status he should be given leeway in meeting the procedural rules, and the defendant did not challenge the complaint or amended complaint, or make a timely motion for dismissal based on improper service, or seek an extension of time to file such a motion or an answer. According to the plaintiff, the defendant did not deny receiving the original and the amended complaints, and its failure to answer or make a motion to dismiss shows wilfulness. The plaintiff asserts that the defendant did not explain or assert any reason why it "failed to follow the rule," and no sign of technical error exists. The plaintiff contends that setting aside the default will cause prejudice to him because it will prolong the litigation and the resulting expenses will be detrimental, given that the plaintiff is unemployed.

**DEFENDANT'S REPLY**

In reply, the defendant contends that, because the plaintiff did not effect or prove proper service, the court does not have personal jurisdiction over the defendant. It asserts that, "[b]ecause plaintiff's attempted 'certified mail service' is insufficient and without effected service, a default is void, the default must be set aside." The defendant asserts that "[w]ithout proper service, Defendant was under no obligation to respond." Moreover, "[l]ack of service renders a judgment void and therefore, Defendant need not show a meritorious defense; thus [the] Court has no discretion, default must be vacated." The defendant contends that the plaintiff's motion for judgment by default should be denied because the plaintiff failed to prove service on the defendant.

**LEGAL STANDARD**

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "[T]he standard for setting aside the entry of a

4

default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).  Motions for relief from entries of defaults and default judgments "under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). When determining "good cause" under Rule 55(c), courts consider whether: (1) " the default was willful"; (2) "setting aside the default would prejudice the adversary"; and (3) "a meritorious defense is presented." Id. at 96. Courts may consider other relevant equitable factors, such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id.  In this circuit a strong "preference for resolving disputes on the merits" exists, and "good cause" under Rule 55(c) "should be construed generously," resolving any doubt whether a default should be vacated "in favor of the defaulting party." Id. at 95-96.

## APPLICATION OF LEGAL STANDARD

Although the Clerk of Court entered a default against the defendant, no default judgment has been entered in this action.  Since no default judgment has been entered, a motion to set aside a default judgment, pursuant to Rule 60(b), is improper.  Thus, the Court will analyze the defendant's motion to set aside the entry of default pursuant to Rule 55(c)'s "good cause" standard.

***Setting Aside the Default Because the Defendant Was Not Served Properly***

In its memorandum of law in support of the motion, the defendant argues that the "Court Should Set Aside the Default Because the Corporate Defendant Has Not Been Properly Serviced With the Summons, Complaint and Amended Complaint."  The defendant fails to cite any binding authority in support of its argument that the entry of default should be set aside because the

5

defendant has not been served properly.  The cases cited by the defendants, Local 78 v. Termon Constr., Inc., No. 01 Civ. 5589, 2003 WL 22052872 (S.D.N.Y. Sep. 2, 2003) (motion to vacate a default judgment under Rule 60(b)(4)), Conway v. Am. Red Cross, No. CV-10-1859, 2010 WL 4722279 (E.D.N.Y. Nov. 15, 2010) (motion to dismiss under Rule 12(b)(5) and, alternatively, under Rule 12(b)(6) and Rule 56), Triad Energy Corp. v. McNell, 110 F.R.D. 382 (S.D.N.Y. 1986) (motion to vacate a default judgment under Rule 60(b)(4)), Wilber Nat'l Bank v. F & A Inc., 301 A.D.2d 706, 753 N.Y.S.2d 209 (App. Div. 3d Dep't 2003) (motion to vacate a default judgment), Scott v. District of Columbia, 598 F. Supp.2d 30 (D.D.C.  2009) (motion to dismiss under Rule 12(b)(6)) and Am. Institute of Certified Public Accountants v. Affinity Card, Inc., 8 F. Supp.2d 372 (S.D.N.Y. 1998) (motion to vacate a judgment by default), are inapposite, as they do not involve the standard governing a motion to set aside the entry of default under Rule 55(c), and they are not binding authorities.  Moreover, the burden in motions under Rule 12(b) and motions under Rule 55 is not the same.  See Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005) ("[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service," while "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur.").

In its reply, the defendant argues that "Because Plaintiff Has Not Effected Or Proven Proper Service on the Corporate Defendant The Court Does Not have Personal Jurisdiction over the Defendant and The Default Must be Set Aside."  Although in the memorandum of law supporting the motion the defendant contended in one sentence that "[i]n the absence of proper service, the Court does not obtain personal jurisdiction over the corporate defendants," it made no

6

argument that the entry of default should be set aside for lack of personal jurisdiction. That argument, namely "Because Plaintiff Has Not Effected Or Proven Proper Service on the Corporate Defendant The Court Does Not have Personal Jurisdiction over the Defendant and The Default Must Be Set Aside," was made for the first time in reply, improperly, see Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."), and may not be considered on this motion, since the plaintiff did not have an opportunity to address it.

The defendant does not contend that it has not been served with the complaint and amended complaint; rather, it argues only that it was not served properly. Coffino's assertions that: (1) he does not know who was allegedly served; (ii) the defendant's records do not show who was allegedly served; and (iii) to his knowledge, no person authorized to accept service was served with the complaint and amended complaint, do not establish that the defendant was not served with the complaint and amended complaint or that the service was improper. Moreover, in its January 9, 2014 letter, the defendant does not explain how it became aware of the Court's January 8, 2014 order, or how it became aware of this action in the first place. The defendant: (i) does not deny that it had been served with the complaint and amended complaint, and (ii) contends that "[a]ctual notice of an action does not cure otherwise defective service," and "[i]t does not make a difference whether the corporate defendant was aware of the action"; therefore, a reasonable inference can be made that the defendant had actual notice of this action, but believed it did not have to appear in the action because service was improper. However, having had actual notice of the action, the burden is on the defendant, with respect to a Rule 55(c) motion, to establish that service was not effected properly. See Burda Media, 417 F.3d at 299.

7

The defendant's submissions fail to satisfy that burden, and the entry of default may not be set aside based on that ground.

***Setting Aside the Default for Good Cause***

<u>Whether the Default Was Willful</u>

As explained above, it appears that the defendant had actual notice of this action but, believing that service was improper, failed to answer or otherwise move with respect to the amended complaint. The defendant's argument that its default was not willful because, before the default was entered and after the Court's January 8, 2014 Order, it immediately responded, is to no avail, since the defendant defaulted before the entry of default and it was well aware that it defaulted when it requested, in its January 9, 2014 letter, "that the Court vacate any technical defaults." Accordingly, the defendant's default was willful.

<u>Whether Setting Aside the Default Would Prejudice the Adversary</u>

The plaintiff commenced this action in December 2012, but did not act when the time for the defendant to answer or otherwise move with respect to the complaint expired, until the Court, on April 11, 2013, directed the plaintiff to file proof of service of the summons and complaint. Prompted by the Court's April 11, 2013 order, the plaintiff filed an amended complaint. Similarly, the plaintiff failed to act when the time for the defendant to answer or otherwise move with respect to the amended complaint expired, until he was prompted by the Court's January 8, 2014 order to review Rule 55 of the Federal Rules of Civil Procedure and proceed accordingly. Thus, the plaintiff's contention that the entry of default should not be set aside because it "will prolong the litigation process" is undermined by the plaintiff's demonstrated lack of diligence. It does not appear that the plaintiff would be prejudiced by setting aside the entry of default.

### Whether a Meritorious Defense Is Presented

The defendant's contention that some of the plaintiff's allegations are time-barred because he did not initiate this action within 90 days of the receipt of the right to sue letter from the EEOC appears to have merit, since an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), must be brought within the specified time. See 42 U.S.C. § 2000e-5(f). Before filing a complaint with a court, a Title VII plaintiff must pursue and exhaust his administrative remedies by filing a discrimination charge with the EEOC, see Ragone v. Atlantic Video at Manhattan Ctr., 595 F.3d 115, 126 (2d Cir. 2010), and the defendant's contention that some of the plaintiff's claims are not exhausted appears to have merit. The defendant's assertion that the plaintiff's allegations of race discrimination fail to state a claim upon which relief may be granted because the plaintiff "does not even mention race" also appears to have merit. Moreover, the defendant's contentions that the plaintiff's defamation allegations fail to state a claim for relief because he does not assert that the alleged utterance is false, and that the remaining allegations are baseless, appear to have merit as well.

### Whether the Failure to Follow a Rule of Procedure Was a Mistake Made In Good Faith

Although the defendant does not explain why, if it believed that service was improper, it failed to make a motion to dismiss under Rule 12(b), and despite its willful default, the defendant's failure to follow procedural rules does not appear to be in bad faith. That is so because the defendant acted immediately after the Court's January 8, 2014 order directing the plaintiff to review Rule 55 and continued to follow the procedural rules since that time.

### Whether the Entry of Default Would Bring about a Harsh or Unfair Result

Given the preference for resolving disputes on the merits in this circuit, and absent prejudice to the plaintiff, denying the defendant an opportunity to defend against this action by

9

setting aside the entry of default would be a harsh and unfair result.

In light of the preference in this circuit for resolving disputes on the merits, and based on the factors analyzed above, the Court finds that the defendant has demonstrated good cause to set aside the entry of default.

## RECOMMENDATION

For the foregoing reasons, I recommend that the defendant's motion to set aside the entry of default, Docket Entry No. 27, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
March 10, 2014

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE