```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-22-14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSE CASTRO                                          :
                                                     :
                    Plaintiff,                       :
                                                     :    12 Civ. 8877 (PAC)(KNF)
         -against-                                   :
                                                     :    **ORDER ADOPTING REPORT**
                                                     :    **AND RECOMMENDATION**
FJC SECURITY SERVICES, INC.,                         :
                                                     :
                    Defendant.                       :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 29, 2013, *pro se* plaintiff Jose Castro ("Plaintiff") filed his Amended Complaint against his employer, FJC Security Services, Inc. ("Defendant"), alleging discrimination and retaliation. After Defendant failed to answer or otherwise move with respect to the Amended Complaint, the Clerk of Court entered default against Defendant on January 14, 2014. On January 17, 2014, Magistrate Judge Kevin Nathaniel Fox ordered Defendant to show cause as to why the entry of default should be set aside pursuant to Federal Rule of Civil Procedure 55(c).

On March 10, 2014, Magistrate Judge Fox issued a Report & Recommendation ("R&R") recommending that the Court grant Defendant's motion to set aside the entry of default. *See* Report and Recommendation, ECF No. 38. While Magistrate Judge Fox rejected Defendant's arguments that default should be set aside because Defendant was not properly served with the Amended Complaint and because the default was not willful, he recommended that the default be set aside since there was no prejudice to Plaintiff, there may be a meritorious defense, there was no bad faith, and default would not have a harsh result. *See id.* at 5-10. Both parties filed timely objections.

For the reasons that follow, the Court adopts Magistrate Judge Fox's R&R in its entirety;

1

and GRANTS Defendant's motion to set aside the entry of default.

## DISCUSSION

### I. Legal Standard

#### A. Review of Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made, the court is required to review the contested portions *de novo*. See *Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

#### B. Default Judgment

When a defendant fails to answer or otherwise respond to a complaint, upon Plaintiff's request, the Clerk of Court is to enter default. Fed. R. Civ. P. 55(a). This is distinct from the step of entering a default judgment under Federal Rule of Civil Procedure 60(b), which occurs after an entry of default. See *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011). "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).

"The test under Rule 55(c) for setting aside a default is more lenient than the test under Rule 60(b) for setting aside a default judgment." *Broder v. Charles Pfizer & Company*, 54 F.R.D. 583, 583 (S.D.N.Y. 1971). In determining whether to set aside an entry of default, the Court must consider three factors: (i) whether Defendant's default was willful; (ii) whether

Plaintiff would be prejudiced by vacatur of the default entry; and (iii) whether Defendant has a meritorious defense to the action. *In re Men's Sportswear, Inc.,* 834 F.2d 1134, 1138 (2d Cir. 1987). Courts may also consider other relevant equitable factors. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). Any doubts about setting aside a default entry should be resolved in favor of the party moving to vacate so that the matter may be decided on the merits. *Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir. 1983).

## II. Analysis

### A. Whether Defendant Has a Meritorious Defense

Plaintiff objects to Magistrate Judge Fox's conclusion that Defendant has a meritorious defense. Upon *de novo* review of this objection, the Court finds it unpersuasive, as some Title VII allegations may be time barred.

Further, Magistrate Judge Fox considered several other defenses raised by Defendant in weighing the meritorious defense factor. Specifically, Magistrate Judge Fox concluded that the following other defenses have merit: (1) some of Plaintiff's claims are not administratively exhausted; (2) Plaintiff's allegation of race discrimination fails to state a claim; (3) Plaintiff's allegation of defamation fails to state a claim; (4) and Plaintiff's remaining allegations are baseless. Because Plaintiff does not challenge these defenses and the Court concludes that these findings are not facially erroneous, the Court adopts Magistrate Judge Fox's findings regarding Defendant's meritorious defenses. *See La Torres,* 216 F. Supp. 2d at 159.

### B. Whether Plaintiff Will Suffer Prejudice if Default is Vacated

Plaintiff also argues that "default would prejudice the adversary because the decision to grant the defendant's motion on the ground of misleading and untrue statement will bring a harsh or unfair result on the plaintiff." *See* Pl.'s Obj. at 3. Nonetheless, Plaintiff has not been diligent

3

in pursuing this litigation; and he can point to no good reason for this claim of prejudice. Thus, after reviewing this objection *de novo*, the Court concludes that Plaintiff will suffer no prejudice if default is vacated.

### C.     Remaining Objections

Defendant objects to Magistrate Judge Fox's rationale for his decision; not his recommendation that default be set aside. Accordingly, the Court need not address these objections.

### CONCLUSION

After reviewing the remaining portions of Magistrate Judge Fox's R&R for clear error and having found none, the Court adopts the R&R in its entirety and GRANTS Defendant's motion to set aside the entry of default pursuant to Rule 55(c). The Clerk of Court is directed to terminate the motion at Docket Number 27. The reference to Magistrate Judge Fox is continued for further proceedings.

Dated: New York, New York
April 22, 2014

SO ORDERED

*Paul Crotty*
PAUL A. CROTTY
United States District Judge